UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN MATTHEWS,<br><br>                                Plaintiff,<br><br>          -against-<br><br>NYPD; INSPECTOR PAUL RASA;<br>UNKNOWN EMPLOYEES,<br><br>                                Defendants. | 23-CV-3959 (JMF)<br><br>ORDER OF SERVICE |

JESSE M. FURMAN, United States District Judge:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634; the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297; and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131. She alleges that Defendants discriminated against her based on her race, sex, and age, and retaliated against her for filing a discrimination charge. By order dated May 12, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up) (emphasis in original).

## DISCUSSION

### A.  Claims against the NYPD

Plaintiff's claims against the New York City Police Department (NYPD) must be dismissed because the NYPD lacks the capacity to be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").  Instead, claims against the NYPD must be brought against the City of New York.

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the NYPD with the City of New York. *See* Fed. R. Civ. P. 21.  This amendment is without prejudice to any defenses the City of New York may wish to assert.

### B.  Claims against "unknown employees"

The handwritten caption of Plaintiff's complaint is difficult to read, but she appears to name as Defendants "unknown employees who ripped out EEOC/1964 and adopted unlawful illegal employment policies."  ECF No. 1, at 1.

The Supreme Court has held that under Rule 8 of the Federal Rules of Civil Procedure, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff

pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff's complaint does not include allegations about "unknown employees" that are sufficient to put them or the Court on notice of her claims against them. She also does not plead facts that are sufficient to identify such Defendants. Accordingly, the Court dismisses Plaintiff's claims against "unknown employees" without prejudice to her repleading such claims in any amended complaint that she is permitted, under Rule 15 of the Federal Rules of Civil Procedure, to file.

**C.     Claims against City of New York and Paul Rasa**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

To allow Plaintiff to effect service on Defendants City of New York and Paul Rasa through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff. The Court dismisses without prejudice Plaintiff's claims against "unknown employees." *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed, under Rule 21 of the Federal Rules of Civil Procedure, to substitute the City of New York in place of Defendant NYPD.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Defendants City of New York and Paul Rasa and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: May 17, 2023
       New York, New York

                                        JESSE M. FURMAN
                                        United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. City of New York
   New York City Law Department
   100 Church Street
   New York, NY 10007

2. Inspector Paul Rasa
   One Police Plaza
   New York NY 10007